■ PHILIP LANE et al., as Trustees of JACOB J. SIEGEL, Deceased, Respondents, v F. M. RING ASSOCIATES, INC., Appellant.—Order and judgment (one paper) of the Supreme Court, New York County (Elliott Wilk, J.), entered on or about May 12, 1988, which, after a bench trial, awarded judgment to plaintiffs in the amount of $58,922 plus interest, costs and disbursements, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of vacating judgment and remanding the matter to Supreme Court for

recalculation of damages to reflect the reduction in compensation due to defendant under the revised management agreement and, except as so modified, affirmed, without costs.

Defendant managed property, owned by plaintiffs as tenants in common, under an agreement made in August 1976. The agreement was signed by defendant and is therefore enforceable against it (General Obligations Law § 5-701 [a]). Although not signed by all of them, plaintiffs may enforce the agreement against defendant because it was clearly made for their benefit *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652). A dispute arose when, in May 1978, defendant credited itself with an increase in management fees. In August 1978, defendant met with the owners in an attempt to formally modify its compensation schedule to increase its management fee beyond the $25,000 a year provided in the 1976 agreement and to reduce its lease commissions. Defendant was not able to obtain the consent of a majority of the tenants in common, and the minutes of the meeting reflect that any increased fees collected by defendant would be subject to refund if agreement could not be reached on the proposed fee schedule.

There is no dispute that defendant's management fees exceeded the $25,000 a year specified in the 1976 agreement by $58,922. However, in calculating damages, no allowance was made for the reduction in lease commissions credited to defendant after it put the revised fee schedule into effect. Accordingly, a recalculation of damages is appropriate. Concur —Sullivan, J. P., Carro, Rosenberger, Ellerin and Rubin, JJ.